IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>LOGAN JAMES BILBY,<br><br>  Defendant. | Case No. CR-24-068-RAW |

## ORDER

The Defendant is charged in this case with four counts of aggravated sexual abuse in Indian Country, on March 2, 2024, in violation of 18 U.S.C. §§ 2241(a), 2246(2)(A), (B), and (C), 1151, and 1153.  These charges arise from a sexual encounter between the then 18-year-old Defendant and the then 17-year-old alleged victim.  The Government alleges that after the nonconsensual encounter, the minor victim was bleeding so severely that upon arriving at a hospital, she was immediately given a unit of blood and then underwent surgery to repair the injuries she sustained.

On August 28, 2024, the Government filed its notice of intent to offer the expert testimony of Dr. Michael Baxter.  The Government included a complete statement of opinions it intends to elicit from Dr. Baxter in its case-in-chief; the bases and reasons for those opinions; Dr. Baxter's qualifications, including a list of publications he has authored in the past ten years; and its disclosure regarding Dr. Baxter's prior expert testimony during the past four years.  Dr. Baxter has reviewed the medical reports, images of the alleged victim's injuries, and photos of the crime scene in relation to this case.  The Government intends to elicit testimony from Dr.

Baxter about, *inter alia*, his knowledge and experience about how rare it is for injuries to be present during a Sexual Assault Nurse Examination ("SANE") and his opinions relating to the facts of this case, including his diagnosis of child sexual abuse and conclusion that the alleged victim's injuries are inconsistent with a consensual sexual encounter.

Now before the court are the Defendant's corrected opposed motion for *Daubert* reliability hearing [Docket No. 56] and the Government's response thereto [Docket No. 67]. Also before the court are the Defendant's opposed motion in limine regarding diagnosis of sexual abuse or rape [Docket No. 33] and the Government's response thereto [Docket No. 43].

In its motion for *Daubert* hearing, the Defendant argues that the Government has not established that Dr. Baxter is qualified to testify in this case. The Defendant's main concern is that Dr. Baxter's expertise is in child sexual abuse and this is not a "child sexual abuse" case. The Defendant argues that nothing in the materials provided with Dr. Baxter's expert notice suggests he can diagnose sexual abuse in this case or conclude that the sexual intercourse was nonconsensual.

The Defendant further argues that Dr. Baxter's diagnosis of sexual abuse, testimony that the alleged victim did not consent to sexual intercourse, or testimony that the Defendant used force usurps the jury's function. The Defendant maintains that testimony by Dr. Baxter diagnosing rape, sexual abuse, child sexual abuse, or opining that the alleged victim's injuries are "not consistent with a consensual sexual encounter" constitutes improper vouching. The Defendant argues that Dr. Baxter's testimony violates Federal Rule of Evidence 403. Finally, the Defendant argues that any testimony regarding future health risks connected to the alleged victim's injuries are not relevant, as injury is not an element of the charged offense.

The Government argues that Dr. Baxter has been recognized numerous times by this court and many others as an expert in his field and has the knowledge, skill, experience, training, and education to qualify as an expert under Fed. R. Evid. 702.  The Government further argues, *inter alia*, that the alleged victim in this case, at 17-years-old, is in fact a child, and Dr. Baxter has provided medical care to children, from birth to eighteen, in many circumstances, including after they have been violently raped.

Pursuant to Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Rule 702 requires the court to "satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony."  *Unites States v. Rodriguez-Felix*, 450 F.3d 1117, 1122-23 (10th Cir. 2006).  In determining whether the testimony is reliable, the court must "assess the reasoning and methodology underlying the expert's opinion." *Id*. at 1123 (citation omitted).  The expert's opinion "must be based on scientific knowledge, which 'implies a grounding in the methods and procedures of science' based on actual knowledge, not 'subjective belief or unsupported speculation.'" *Id*. (citation omitted).

If the court finds reliability, it then considers "other non-exclusive factors to determine whether it will assist the trier of fact: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's

3

role of evaluating a witness's credibility." *Id*. (citations omitted). "In essence, the question is 'whether [the] reasoning or methodology properly can be applied to the facts in issue.'" *Id*. (citing *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 79, 593 (1993)).

The court has discretion in determining whether a *Daubert* hearing is required. *United States v. Charley*, 189 F.3d 1251, 1266 (10th Cir. 1999) ("The trial judge is granted great latitude in deciding which factors to use in evaluating the reliability of expert testimony, and in deciding whether to hold a formal hearing"). In this case, a *Daubert* hearing is not necessary.

It is clear from the Dr. Baxter's 23-page C.V. that he is more than qualified by knowledge, experience, training, and education to offer reliable expert testimony in the field of sexual abuse and/or child sexual abuse. The Defendant's concern that the allegations in this case are not *child* sexual abuse is not convincing. The alleged victim is in fact a minor child. Moreover, Dr. Baxter has extensive knowledge, experience, training, and education diagnosing sexual abuse. In *Charley*, the Tenth Circuit held that the district court did not abuse its discretion by allowing the expert "to summarize the medical evidence and express an opinion that the evidence is consistent or inconsistent with the victim's allegations of sexual abuse." *Id*. at 1264.

The court finds that the testimony and conclusions of Dr. Baxter are reliable, as they are based on his training and experience, as well as his review of the history provided, the alleged victim's medical records, and photos of her injuries and the scene of the sexual encounter. Furthermore, Dr. Baxter's testimony is relevant to the allegations in this case, not within the jury's common knowledge and experience, and will not usurp the jury's role of evaluating any witness's credibility.

Dr. Baxter may testify as to his medical findings and how he arrived at them. He will not, of course, offer testimony about who inflicted the injuries. As to the alleged victim's future

health risks from her injuries, the court finds they are also relevant to explain the full extent of her injuries. While not an element, the alleged victim's injuries are relevant in this case, as the Defendant maintains the encounter was consensual. The probative value of Dr. Baxter's testimony is not substantially outweighed by the risk of unfair prejudice. The Defendant, of course, may vigorously cross-examine Dr. Baxter and present contrary evidence.

The Defendant's corrected opposed motion for *Daubert* reliability hearing [Docket No. 56] and opposed motion in limine regarding diagnosis of sexual abuse or rape [Docket No. 33] are hereby DENIED.[*]

**IT IS SO ORDERED** this 17th day of September, 2024.

*Ronald A. White*
_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

[*] The court notes that included within the Government's response to the Defendant's opposed motion in limine regarding diagnosis of sexual abuse or rape [Docket No. 43], the Government includes an objection to the Defendant's notice of intent to offer expert testimony. It does not appear from the record that the Defendant has responded to the objection. The Defendant may file an amended Notice of Intent to Offer Expert Testimony and/or a response to the Government's objection by September 24, 2024.